IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Rondrico Isom, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No.   1:20-cv-1563 |
| Hunter Warfield, Inc., a Maryland corporation, ) ) ) ) | |
| Defendant. ) | Jury Demanded |

**COMPLAINT – CLASS ACTION**

Plaintiff, Rondrico Isom, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Rondrico Isom, ("Isom"), is a citizen of the State of Indiana, residing in the Southern District of Indiana from whom Defendant attempted to collect a defaulted consumer debt that he allegedly owed for an apartment he lived at in 2016 (Turtle Creek Apts of Marion).

4.   Defendant, Hunter Warfield, Inc. ("Hunter"), is a Maryland corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts that it did not originate, in the Southern District of Indiana. In fact, Hunter was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.   Defendant Hunter is authorized to conduct business in the State of Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant Hunter conducts business in Indiana.

6.   Defendant Hunter is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B. In fact, Defendant Hunter acts as a collection agency in Indiana.

**FACTUAL ALLEGATIONS**

7.   Defendant Hunter sent Mr. Isom a collection letter, dated June 14, 2019, demanding payment of a debt he allegedly owed to Turtle Creek Apts of Marion. This letter threatened that:

* * *

Your account is now in final review.  This account meets the guidelines for legal action set by the creditor, but they have not yet referred your account to an attorney or made a decision to file a lawsuit.  There is still time for you to work with us in resolving this account.  If we cannot resolve this matter, the creditor may refer your account to an attorney to review their ability to recover your unpaid balance through litigation.  If an action is commenced and a judgment is sought, you will be given notice and the opportunity to raise a legal defense.

Accordingly, demand is hereby made for full payment of your past due amount to avoid the possibility of additional costs if the creditor chooses to proceed with legal action.

* * *

A copy of this collection letter is attached as Exhibit C.

8. In fact, neither Turtle Creek Apts of Marion nor Defendant have filed lawsuits against any consumer in Indiana for several years to collect money (as opposed to seeking eviction) and were not going to file suit against Mr. Isom. Moreover, while an attorney may file a lawsuit on behalf a client to collect a debt, and, should that lawsuit be successful, obtain a judgment, an attorney cannot simply add "additional costs if the creditor chooses to proceed with legal action".

9. The letter also claimed that the debt may be increased by "late fees". In fact, no late fees were or could be added to the debt.

10. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). This threat of a lawsuit and the expense of additional "costs" alarmed, confused and worried Mr. Isom.

11. All of Defendant Hunter's collection actions at issue in this matter occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A), as well as the false threat to take an action that cannot be legally taken, or that is not intended to be taken, see 15 U.S.C. § 1692e(5).

15. Defendant's letter was false, deceptive or misleading because it falsely threatened a lawsuit. Defendant's letter also falsely claimed that "late fees" could or would be added and that an attorney could simply add additional costs if the creditor chooses to proceed with litigation. Thus, Hunter's letter violates § 1692e of the FDCPA.

16. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, and attorneys' fees and costs, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

19. Defendant's letter used unfair or unconscionable means to collect the debt because it falsely threatened that Mr. Isom's "account meets the guidelines for legal action set by the creditor", when the creditor debt was not going to sue Mr. Isom to collect the debt. Additionally, an attorney could not simply add additional costs if the

creditor chooses to proceed with litigation, nor would the debt be increased by "late fees". Thus, Defendant Hunter's letter violated § 1692f of the FDCPA.

20. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, and attorneys' fees and costs, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

21. Plaintiff, Rondrico Isom, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a defaulted consumer debt, via the same form collection letter (Exhibit C), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form collection letter violates the FDCPA and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

22. Defendant regularly engages in debt collection, using the same form collection letter it sent Plaintiff Isom, in its attempts to collect defaulted consumer debts from other persons.

23. The Class consist of more than 35 persons from whom Defendant attempted to collect defaulted consumer debts, by sending other consumers the same form collection letter it sent Plaintiff Isom.

24. Plaintiff Isom's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available

methods for the fair and efficient adjudication of this controversy.

25. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

26. Plaintiff Isom will fairly and adequately protect and represent the interests of the Class. The management of this class action is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Isom has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Rondrico Isom, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify the class in this matter;

2. Appoint Plaintiff Isom as Class Representative of the Class, and his attorneys as Counsel to the Class;

3. Find that Defendant's collection actions violated the FDCPA;

4. Enter judgment in favor of Plaintiff Isom and the Class, and against

Defendant, for actual (return of money collected) and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Rondrico Isom, individually and on behalf of all others similarly situated, demands trial by jury.

            Rondrico Isom, individually and on
            behalf of all others similarly situated,

            By: /s/ David J. Philipps
            One of Plaintiff's Attorneys

Dated: June 2, 2020

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com